IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AUGUSTA J. MOORE<br>2201 North 51st Street<br>Philadelphia, PA 19131<br><br>vs.<br><br>CITY OF PHILADELPHIA<br>c/o City of Philadelphia Law Department<br>Claims Unit, One Parkway Building<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102-1595<br>    and<br>POLICE OFFICER GERARD BRENNAN<br>BADGE NUMBER 6408<br>Individually and as a police officer<br>for the City of Philadelphia<br>c/o City of Philadelphia Law Department<br>Claims Unit, One Parkway Building<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102-1595<br>    and<br>SERGEANT MELVIN<br>BADGE NUMBER<br>Individually and as a police officer<br>for the City of Philadelphia<br>c/o City of Philadelphia Law Department<br>Claims Unit, One Parkway Building<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102-1595 | Civil Action No.<br><br><br>JURY TRIAL DEMANDED<br><br><br><br><br><br><br><br><br><br><br><br><br><br>Attorney ID # 26718 |

**COMPLAINT**

**Jurisdiction**

1. This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343 (1), (3), (4) and the aforementioned statutory provision. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367(a) to hear and adjudicate state law claims.

## Parties

2. Plaintiff, Augusta J. Moore, is a resident of the Commonwealth of Pennsylvania and at all times relevant to this action was present in Philadelphia, Pennsylvania.

3. Defendant, City of Philadelphia, is a municipality of the Commonwealth of Pennsylvania and owns, operates, manages, directs and controls the Philadelphia Police Department which employs Defendants, Police Officer Gerard Brennan and Sergeant Melvin.

4. Defendant, Police Officer Gerard Brennan, Badge Number 6408, is a police officer for the Philadelphia Police Department who at all relevant times was acting under color of state law. The Defendant officer is being sued in his individual capacity.

5. Defendant, Sergeant Melvin, is a police officer for the Philadelphia Police Department who at all relevant times was acting under color of state law. The Defendant officer is being sued in his individual capacity.

## Factual Allegations

6. On July 27, 2014 the Plaintiff, Augusta J. Moore, became involved in a verbal argument with her husband. As a result Plaintiff called 911.

7. By the time police arrived in response to the 911 call the situation had calmed down and Plaintiff and her husband were no longer arguing. The officers who arrived at Plaintiff's home were Defendant Officer Gerard Brennan and Police Officer Paul Buzzone.

2

8. The police officers determined that all was calm at the house, however, believed that it would be prudent if Plaintiff's husband leave.

9. Plaintiff's husband agreed to leave and went upstairs in order to get some clothes.

10. After a few minutes one of the police officers stated "He is taking too long. I'm going to go upstairs to check."

11. Police Officer Buzzone knocked on the door of the bedroom in which Plaintiff's husband was getting clothes. Plaintiff's husband opened the door and unfortunately an argument ensued between Plaintiff's husband and Officer Buzzone.

12. After arguing a few minutes the confrontation between Plaintiff's husband and Officer Buzzone became physical. At that point, Defendant Police Officer Brennan took out his baton and started beating Plaintiff's husband.

13. Plaintiff, upon hearing the argument which was taking place between Officer Buzzone and her husband had gone upstairs. When she arrive at the bedroom where her husband was being assaulted by Defendant Police Officer Brennan, she began pleading with Officer Brennan to stop beating her husband.

14. Defendant Police Officer Brennan after hearing Plaintiff plead with him to stop beating her husband grabbed at Plaintiff and threw her on the floor. After throwing Plaintiff on the floor, Defendant Police Officer Brennan then grabbed Plaintiff threw her

3

on her bed, and then picked up again and threw her once again on the floor.

15. At all times relevant hereto, Plaintiff was 7 months pregnant and that condition was visibly obvious to anyone, including Defendant, Police Officer Brennan.

16. Plaintiff after being thrown on the floor a second time was picked up by Defendant, Officer Brennan, and walked down the stairs. When she got to the bottom of the stairs, she was met by another Philadelphia police officer as well as Defendant, Sergeant Melvin. An unknown Philadelphia police officer told Plaintiff that she needed to handcuff her. However, due to Plaintiff's obvious physical condition, i.e. being seven months pregnant, the female officer put the handcuffs on Plaintiff with Plaintiff's hands in front of her.

17. Defendant, Sergeant Melvin, upon seeing that Plaintiff was handcuffed in front walked up to Plaintiff and told her "I don't like people who disrespect my officers." Defendant, Sergeant Melvin, immediately then took the handcuffs off Plaintiff and then re-handcuffed her with hands behind her back.

18. After Defendant, Sergeant Melvin, had handcuffed Plaintiff, he grabbed her by her neck and threw her into a wall. He then drug her out of her home and threw her forcibly into a police car.

19. Plaintiff was then transported to Presbyterian Hospital

4

where doctors observed that she was leaking amniotic fluid. Plaintiff was then immediately sent to the hospital of the University of Pennsylvania in an ambulance.

20. At no time relevant hereto, did the Plaintiff engage in any behavior which could have been considered a threat to any of the police officers or to anyone else.

21. At no time relevant hereto, did Plaintiff do anything to resist any of the police officers efforts to take her into custody.

22. After Plaintiff was discharged from the hospital of the University of Pennsylvania, Defendant, Police Officer Brennan, and/or Defendant, Sergeant Melvin, caused Plaintiff to be charged with the following criminal offenses: aggravated assault, hindering apprehension, criminal conspiracy, simple assault, and recklessly endangering another person.

23. All of the above mentioned charges were false and both Defendant, Police Officer Brennan, and Defendant, Sergeant Melvin, knew that they were false when they caused those charges to be lodged against the Plaintiff. Yet they caused the charges to be filed maliciously, wantonly and without any probable cause.

24. On or about the 2nd day of February, 2015 Plaintiff was found not guilty of all charges.

25. The excessive use of force, false arrest, and false imprisonment in this case were the direct result of Defendants' pattern, practice, and custom of subjecting citizens such as

Augusta J. Moore to excessive force, false arrest, false imprisonment, and malicious prosecution in the absence of any legitimate purpose.

26. The actions taken by the Defendants in this matter were taken under color of state law.

27. As a direct and proximate result of the actions of Defendant, Police Officer Gerard Brennan, and Defendant, Sergeant Melvin, Plaintiff, Augusta J. Moore, suffered and continues to suffer physical and psychological harm, pain and suffering, some or all of which may be permanent, loss of liberty, as well as financial losses.

28. Defendant, Police Officer Gerard Brennan, and Defendant, Sergeant Melvin, engaged in the aforesaid conduct for the purpose of violating Plaintiff, Augusta J. Moore's constitutional rights by subjecting her to excessive force, false arrest, false imprisonment, and malicious prosecution.

29. As a direct and proximate result of the Defendants' actions, Plaintiff, Augusta J. Moore, was deprived of her rights and privileges under the Fourth and Fourteenth Amendments to the United States Constitution and in particular, the right to be free from excessive force, false arrest, false imprisonment, and malicious prosecution. Plaintiff was similarly deprived of the right not to be the victim of conspiracies of state actors to violate the aforementioned clearly established rights.

## FIRST CAUSE OF ACTION
## FEDERAL CIVIL RIGHTS VIOLATIONS

30. Plaintiff incorporates by reference paragraphs 1 through 29 of the instant Complaint.

31. As a direct and proximate result of all of the Defendants' conduct, committed under color of state law, Plaintiff, Augusta J. Moore, suffered violation of her Fourth Amendment and Fourteenth Amendments the right to be free from excessive force, false arrest, false imprisonment and malicious prosecution. As a result, Plaintiff, Augusta J. Moore, suffered and continues to suffer harm in violation of her rights under the laws of the Constitution of the United States, in particular the Fourth and Fourteenth Amendments thereof, and 42 U.S.C. § 1983.

32. As a direct and proximate result of the acts of all Defendants, Plaintiff, Augusta J. Moore, sustained physical injuries, emotional harm, loss of liberty and financial losses, all to her detriment and harm.

33. Defendant, City of Philadelphia, has encouraged, tolerated, ratified and has been deliberately indifferent to the following patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:

    a. The use of excessive force, false arrest, false imprisonment and malicious prosecution by police

officers;

b.  The proper exercise of police powers, including but not limited to excessive force, false arrest, false imprisonment and malicious prosecution, particularly in connection with perceived challenges to police authority;

c.  The monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers;

d.  The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct;

e.  Police officers' use of their status as police officers to employ the use of excessive force, false arrest, false imprisonment, and malicious prosecution to achieve ends not reasonably related to the police duties;

f.  Police officers' use of the authority and power of their office for personal ends and to intimidate, coerce, and threaten citizens; and

g.  The failure of police officers to follow established policies, procedures, directives,

and instructions regarding the excessive force, false arrest, false imprisonment and malicious prosecution under such circumstances as presented herein.

34. Defendant, City of Philadelphia failed to properly sanction or discipline officers, who were aware of and conceal and/or aid violations of constitutional rights of citizens that other City of Philadelphia police officers, thereby causing and encouraging City of Philadelphia police, including the Defendant officers in this case, to violate the rights of citizens such as Augusta J. Moore.

35. Defendants have by the above described actions deprived Plaintiff, Augusta J. Moore, of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. § 1983.

## SECOND CAUSE OF ACTION
## SUPPLEMENTAL STATE CLAIMS

36. Plaintiff incorporates by reference paragraphs 1 through 35 of the instant Complaint.

37. The acts of the individual Defendants in this cause of action constitute assault, battery, false arrest, false imprisonment, malicious prosecution and intentional infliction of emotional distress under the laws of the Commonwealth of Pennsylvania and this Court has supplemental jurisdiction to hear

and adjudicate these claims.

WHEREFORE, Plaintiff requests the following relief:

a.  Compensatory damages;

b.  Punitive damages;

c.  Reasonable attorney's fees and costs;

d.  Such other and further relief as appears reasonable and just; and

e.  A jury trial as to each Defendant and as to each count.

**PATRICK G. GECKLE, LLC**

By: _____
Patrick G. Geckle
Attorney ID No.: 26718
PATRICK G. GECKLE, LLC
Two Penn Center, Ste. 1850
1500 John F. Kennedy Blvd.
Philadelphia, PA 19102
(215) 735-3326 - phone
(215) 567-1998 - fax
E-Mail: pgeckle@pgglaw.com

Counsel for Plaintiff